CAMPBELL TURNPIKE Co. *v.* A. A. MILLER ET AL.

**Lost Instruments—Oral Testimony to Prove Contents—Burden.**

Where a writing has been lost it is not improper to admit oral testimony to prove the contents, but it is incumbent upon the party proposing to prove its contents to establish with a reasonable degree of certainty what the paper did contain.

**Same—Acts Done While Writing in Existence—Conclusions.**

The fact that appellant permitted the vendor of appellee to build the fence where it now stands when the written grant was in existence tends very strongly to establish the conclusion that the production of the writing would have dissipated the claim of appellant.

APPEAL FROM CAMPBELL CIRCUIT COURT.

April 12, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

It seems that Marion, who owned the land of the appellees at the time of the construction of appellant's road, granted the right of way through said land in writing. The company, instead of having this written grant properly acknowledged and made a matter of public record, undertook its preservation by entrusting it to the custody of its own officers. We may safely assume from the evidence before us, that this writing has been lost, and therefore it was not improper to admit oral testimony to prove its contents. It was incumbent, however, upon the company to establish, with a reasonable degree of certainty, what the paper did contain, before the circuit court would have been authorized to conclude that said company was the owner of the land enclosed by the appellees, under and by virtue of such written grant. Considering all the evidence in the case, we are not prepared to decide that the circuit judge erred in his conclusion that it was uncertain whether or not the appellants had at any time had the right of way over the land upon which the fence of the appellees now stands. Whatever may have been the understanding or agreement at the time of the construction of the road, as to the width of the way granted, it is certain

that for the first five miles out of Newport the space left between the fences of the land-owners on either side of the road, in very many places is now and for many years has been much less than sixty feet. The fact that the company permitted the vendor of the appellees to build the fence where it now stands, when the books of the company containing the written grant of the right of way were most probably in existence, and permitted the same to remain without question for more than ten years and until after said books were lost, are circumstances tending very strongly to establish the conclusion that the production of the written grant of Marion would wholly dissipate the claim of the appellants. We are of opinion that the judgment of the circuit court is fully sustained by the evidence, and the same is therefore affirmed.

*Stevenson & Hodge, for appellant.*
*Webster, Hallam, for appellee.*